Case 4:25-cv-06296   Document 5   Filed on 01/05/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIOMARA ELIZABETH BUSTILLO MARQUEZ, § § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-06296 |
| § § | |
| RANDY TATE, *et al.*, § § § | |
| Respondents. § | |

## TEMPORARY RESTRAINING ORDER

The petitioner, Siomara Elizabeth Bustillo Marquez (#A-206-725-426) is a detainee in the custody of United States Immigrations and Customs Enforcement. She has filed a petition for a writ of habeas corpus and a motion for a temporary restraining order.

### A.  Background

The facts asserted below are taken from the petitioner's motion. The petitioner is a citizen of Honduras. On March 27, 2023, an Immigration Judge ordered her removed from the United States. Her appeal of that order remains pending. On March 12, 2025, the petitioner was taken into custody by ICE.

### I.  Legal Standards

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public

interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

    II.    **Analysis**

    A.    **Likelihood of Success on the Merits**

Title 8, section 1231(a)(2) of the United States Code provides that the government "shall detain" an alien who has a Final Removal Order during the 90 day removal period following issuance of the order. The petitioner has appealed the Immigration Judge's order and that appeal is still pending. Therefore, she is not under a final order.

Moreover, the Supreme Court has held that detention of a removable alien is presumptively reasonable and consistent with due process for six months after issuance of a Final Removal Order if removal is likely in the reasonably foreseeable future. *Zadvydas v. Davis*, 533 U.S. 678 (2001). The petitioner has now been in ICE custody for nine months and has not been presented with any information indicating that her removal is likely in the reasonably foreseeable future. The petitioner therefore shows that her detention likely violates her right to due process and lacks statutory authorization. Thus, she is likely to prevail on the merits of her claim.

    B.    **Irreparable Harm**

Petitioner remains in custody and suffers continued deprivation of her liberty with no reasonable likelihood that she will be removed in the near future. Petitioner demonstrates that she is suffering irreparable harm.

### C. Relative Injury

As noted above, the petitioner suffers grave and irreparable harm from her continued confinement. Moreover, her release and maintenance of the status quo pending resolution of the petition causes only *de minimis*, if any, injury, to the respondents. This factor lands in favor of the petitioner.

### D. Public Interest

The petitioner has no criminal record, and requiring the respondents to comply with the law serves the public interest. There is no reason to believe that the petitioner's continued presence in the United States poses any risk to the public or to the security or safety of the United States.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Notice and Security

The Court takes judicial notice of the fact that the government has, in recent memory, removed and attempted to remove detainees from the United States or to transfer detainees to different judicial districts during the pendency of their judicial proceedings. The risk of petitioner's imminent removal mooting these proceedings necessitates waiving notice to the respondents prior to the issuance of this order.

The respondent faces no financial harm from compliance with this order. The Court therefore waives any requirement that the petitioner post security.

## III. Order

It is hereby ORDERED as follows:

1. The petitioner's motion for a temporary restraining order (Doc. # 2) is GRANTED;

2. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the Southern District of Texas while this order remains in effect;

3. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect;

4. The respondents shall effect the petitioner's immediate release from custody. The petitioner shall be released in a public place within the Southern District of Texas, and her counsel shall be given notice of the time and place of her release; and

5. The petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while this petition remains pending

The Court will schedule a hearing on the petitioner's request for a preliminary injunction by separate order.

This temporary restraining order is entered on January 5, 2026 at 2:20 p.m. and will expire 14 days therefrom unless dissolved earlier or extended by court order.

It is so ORDERED.

SIGNED on January 5, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge