United States District Court
Southern District of Texas

**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIOMARA ELIZABETH BUSTILLO MARQUEZ, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. 4:25-cv-06296 |
| v. | § § | |
| WARDEN RANDY TATE, *et al.*, | § § § | |
| Respondents. | § | |

## <u>ORDER OF DISMISSAL</u>

On January 5, 2026, the Court entered a Temporary Restraining Order ordering, among other things, the petitioner's immediate release from custody.  (Dkt. No. 5).  On May 12, 2026, the Court entered an order instructing the petitioner's counsel to file a status report detailing what further relief, if any, the petitioner seeks from the Court or whether this matter can be dismissed without prejudice as moot.  (Dkt. No. 11).  The deadline for the petitioner's counsel to file the status report has expired and counsel has not complied with the Court's order.  Further, the Court observes that since filing the habeas petition, the petitioner's order of removal has become final.  (*See Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited June 5, 2026)).[1]   The petitioner's detention is now governed by 8 U.S.C. § 1231(a).

---

[1] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by her A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited June 5, 2026).  The EOIR website

Under § 1231(a), "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, and the alien must be detained during that period." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (citations omitted); *see also Ruiz Carrillo v. Frink*, Civ. Action No. H-26-0914, 2026 WL 1067568, at *1 (S.D. Tex. Apr. 20, 2026) (explaining that once a noncitizen is subject to a final order of removal, detention authority is governed by § 1231(a)); *Iunusali Muminov v. Warden, FCI Lewisburg*, No. 3:26-cv-911, 2026 WL 1104371, at *2 (M.D. Pa. Apr. 23, 2026) (explaining that because the petitioner—who has an administratively final order of removal—is being detained under 8 U.S.C. § 1231(a), the petitioner's detention is within the 90-day removal period and his detention is mandatory).

Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention pursuant to § 1231(a) only becomes presumptively unreasonable after approximately six months. After that six-month period, "once the alien provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Because the petitioner's detention is now governed by § 1231 and because the petitioner is within the 90 days for post-removal detention provided for by the statute, the Court will dismiss this case, without prejudice. Any challenge based on *Zadvydas* is premature at this time.

The Court **ORDERS** as follows:

1.    This case is **DISMISSED without prejudice**.

---

indicates that an immigration judge ordered the petitioner removed on March 27, 2023. The appeal to the BIA was dismissed on March 5, 2026, thus rendering the removal order administratively final.

2.      Any pending motions are **DENIED** as moot.

The Clerk shall provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on June 5, 2026, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge